IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL K. PALMER, | § | |
| | § | No. 67, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1902013833 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 26, 2020
Decided: July 23, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) Michael Palmer appeals the Superior Court's January 21, 2020 order denying his motion for modification or reduction of sentence filed under Superior Court Criminal Rule 35(b) ("Rule 35(b)"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Palmer's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Palmer pleaded *nolo contendere* in October 2019 to two counts of drug dealing and one count of carrying a concealed deadly weapon. Following a presentence investigation, the Superior Court sentenced

Palmer to an aggregate of thirty-eight years of Level V incarceration, suspended after ten years for decreasing levels of supervision. Palmer did not appeal.

(3) On January 16, 2020, Palmer filed a motion for the reduction or modification of his sentence. Palmer asked the Superior Court to reduce his sentence to the minimum-mandatory sentence of two years for each drug dealing conviction. The Superior Court denied the motion, finding that the sentence was appropriate for all of the reasons stated at sentencing and that no additional information had been provided to the court to warrant its reduction or modification. This appeal followed.

(4) In his opening brief, Palmer argues for the first time that he received ineffective assistance of counsel in connection with his *nolo contendere* plea because defense counsel allegedly informed Palmer that the Superior Court would sentence him to the minimum-mandatory sentence of two years for each drug dealing conviction. We review the Superior Court's denial of a motion for modification of sentence under Rule 35(b) for abuse of discretion, although questions of law are reviewed *de novo*.[1]

(5) The Superior Court did not err in denying Palmer's motion for sentence modification or reduction. Because Palmer did not raise his claim of ineffective assistance of counsel below, we will not ordinarily consider it on appeal.[2] In any

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[2] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider

event, the proper procedural vehicle for an ineffective assistance of counsel claim is a motion for postconviction relief filed under Superior Court Criminal Rule 61, not a motion for sentence reduction filed under Rule 35(b).[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

and determine any question not so presented."); *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenant of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

[3] *Davis v. State*, 2016 WL 358965, at *2 (Del. Jan. 28, 2016).